## McJUNKIN et al. v. TURNER et al.

No. 17891. Opinion Filed May 22, 1928.

(Syllabus.)

**Courts—Validity of Transfer by District Court of Probate Proceeding to County Court of County Having Jurisdiction.**

The same as in Mann v. Osborne, 128 Okla. 32, 261 Pac. 146, except that the authority of the district court of Okmulgee county to make the transfer of the probate proceedings in this case to the county court of McIntosh county, came from chapter 16, art. 1, sec. 1, page 205, Session Laws 1907-8, instead of from the Act of March 12, 1908, upon which Mann v. Osborne, supra, was based, as the transfer in this case was made prior to the last legislative enactment.

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Mary McJunkin, nee Mary Hutton, and Word McJunkin, her husband, against John E. Turner and Aetna Casualty & Surety Company. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. D. Howe, for plaintiffs in error.

Furry & Donovan, for defendants in error.

REID, C. In this action the plaintiffs, Mary McJunkin, nee Mary Hutton, and Word McJunkin, her husband, seek to recover the title and possession of a tract of land situated in Muskogee county from the defendant John E. Turner, who claims title to the land under a probate sale made in the county court of McIntosh county. Plaintiffs also join the Aetna Casualty & Surety Company, a corporation, asking the court to remove as a cloud on their title, a mortgage held by the last-named defendant on the land.

The trial court sustained a motion for judgment on the pleadings made by the defendant Aetna Casualty & Surety Company, a corporation. and entered judgment on its answer and cross-petition, from which order and judgment the plaintiffs have appealed to this court.

The case is similar to Mann v. Osborne,

128 Okla. 32, 261 Pac. 146, as the guardian's proceedings followed the same course as in that case; being transferred upon petition of the guardian by the district court of Okmulgee county to the county court of McIntosh county, where the guardian and minors then resided.

The only distinction between this case and the case of Mann v. Osborne, supra, necessary to be considered, is the fact that the order of transfer made by the district court of Okmulgee county was made on the 11th day of March, 1908. It will be seen that this transfer was made one day prior to the passage of the Act of March 12, 1908, chapter 16, art. 3, page 212, which this court held gave authority to the district court of Okmulgee county to make the transfer.

However, section 1 of the Act of March 12, 1908, amended section 1 of an Act of the Legislature passed December 21, 1907, chapter 16, art. 1, page 205, which is as follows:

"That all those civil cases transferred from the courts of the Territory of Oklahoma and the United States Courts in the Indian Territory to the courts of this state as transferred by Acts of Congress, and accepted by the Constitution, which would have been properly triable in any court or county or district of this state, had such suit or proceeding been commenced after the admission of this state into the Union, including records formerly belonging to the United States Commissioners Courts, and all papers of mayors of cities and incorporated towns having and exercising ex-officio jurisdiction as United States Commissioners in that part of the state formerly known as the Indian Territory, that may be in the hands of the clerks of the various district courts of that portion of the state, may, including probate matters by any person having a substantial interest therein on petition verified by the affidavit of the applicant or his attorney of record, be transferred to the proper courts such county or district, and that all books, records, pending cases, papers, proceedings, liens, judgments and executions pending in a justice of the peace court of any county, are hereby transferred to some justice of the peace court of the county in which, if originally brought in said court, the defendant lives, or if the defendant be a nonresident, then the county where the plaintiff lives, or the defendant has property, and when such records are transferred as above provided for, said court shall have full and complete jurisdiction of all cases and proceedings so transferred." (Emphasis ours.)

It therefore appears that, at the time the transfer was made in this case, section 1

of the Act of December 21, 1907, was then in effect; and upon examination of these two acts, it is found that the Act of March 12, 1908, added nothing to the power already given the district court of Okmulgee county by the former act, and that every reason stated in the case of Mann v. Osborne, supra, for holding that transfer to be good is applicable to this case.

It appearing that plaintiff's right of recovery, as stated in her pleadings, rests alone upon the proposition that the transfer was void, and that therefore the subsequent proceedings and sale were void, and finding that said transfer was valid, we conclude that the district court of Muskogee county did not err in sustaining defendants' motion for judgment on the pleadings.

It is therefore ordered that the judgment of the trial court be affirmed.

BENNETT, JEFFREY, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 15 C. J. p. 1148, § 614.